UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | No. 3:07cr0013 AS |
| ) | |
| JESUS J. GARCIA ) | |
| OMAR LOZA ) | |
| ELENO SANCHEZ MERAZ ) | |
| CHESTER WIGFALL ) | |

*MEMORANDUM, OPINION AND ORDER*

The indictment in this case was filed on February 22, 2007 in two counts. Count 1 alleges a violation of 21 U.S.C. §846 and designates all three defendants. Count 2 charges a violation of Title 21 §841(a)(1) and (b) and Title 18 U.S.C. §2. Detention hearing was had with regard to the defendants Garcia and Wigfall on March 29, 2007, and this court has a transcript of that proceeding. It is to be noted that the defendant, Omar Loza, and his counsel were also present at that proceeding. The focus of the detention proceeding is to determine whether any condition or combination of conditions under 18 U.S.C. §3142 will reasonably insure the appearance of a defendant and assure the safety of other persons in the community. Particular reference is made to 18 U.S.C. §3142(g).

The issue with regard to assuring the appearance of a defendant as required is under the preponderance of evidence test. *See United States v. Portes*, 786 F.2d 758 (7th Cir. 1985). There is some loosening of the rules of evidence in such procedures, and letters have been received largely on behalf of the defendants in this regard.

More importantly in this case, the Bail Reform Act of 1984 creates several evidentiary presumptions to be employed in certain circumstances in determining when release is appropriate. These have been dealt with in some detail in *United States v. Bergner*, 800 F.Supp. 659 (N.D. Ind. 1992). Under the Controlled Substances Act, certain presumptions are created. There is a rebuttable presumption that no condition or combination of conditions will reasonably assure a defendant's appearance or the safety of other persons in the community when a defendant has committed an offense for which a maximum imprisonment of 10 years is prescribed. *See* 18 U.S.C. §3142(e).

This court has been given a fairly comprehensive preview of the charges in this case, especially under the evidence presented by Sgt. Radican. That presumption must be taken seriously here especially in view of the discussions about a drug trafficker in *United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986). This preliminary look-see at the government's case leans in the direction of a strong case. Given the presumption that plays a very heavy role in this process, this court has determined that both of the defendants involved in the aforesaid hearing, namely Jesus J. Garcia and Chester Wigfall should be detained pending the trial in this case, but under such circumstances that each defendant has reasonable opportunity to confer with his counsel before and about the trial. **IT IS SO ORDERED**.

**DATED:** April 13, 2007

                                                      **S/ ALLEN SHARP**
                                             **ALLEN SHARP, JUDGE**
                                             **UNITED STATES DISTRICT COURT**